### BEN HARGROVE v. THE STATE.

No. 4477.   Decided May 30, 1917.

**Carrying Knucks—Continuance—Reversible Error.**

Where, upon trial of unlawfully carrying knucks, the absent testimony set out in the defendant's application for a continuance was material, and he had used all diligence to secure the witnesses, the application should have been granted.

Appeal from the County Court of Hopkins. Tried below before the Hon. T. J. Tucker.

Appeal from a conviction of unlawfully carrying knucks; penalty, a fine of one hundred dollars.

The opinion states the case.

*J. A. Dial* and *G. H. Crane,* for appellant.—On question of application for continuance: Wade v. State, 172 S. W. Rep., 215; Hays v. State, 72 Texas Crim. Rep., 245, 164 S. W. Rep., 841; Baggett v. State, 69 Texas Crim. Rep., 145, 151 S. W. Rep., 560.

*E. B Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—This is an appeal from a conviction for unlawfully carrying knucks, with the lowest punishment assessed.

It was a sharply disputed issue whether appellant had on his person knucks at the time he was charged therewith. The State introduced several witnesses, most of whom, if not all, admitted hostility and ill-will against appellant. They testified positively that appellant did have on his person knucks at the time charged. The appellant disputed this pointedly, testifying positively that he had no knucks at the time nor at any other time. He had some witnesses who were present and witnessed the altercation, who testified that they were in a position to see, and did see, and that they did not see appellant with knucks at the time the State's witness testified he had them. Their testimony was not positive and direct that he did not at that time have knucks, but the effect of it might be that he did not. The appellant had used all proper and necessary diligence to. secure the attendance and testimony of two witnesses, Jack Sparks and Elmer Campbell, whom he alleged in his motion for a new trial in substance would testify that they were personally present at the time of said difficulty and saw what occurred and would swear positively that he, appellant, did not at the time have knucks. This testimony was very material under the circumstances. At the previous term when his witness Sparks was present, the State continued the case. We can not say that the jury would have convicted if he had had the testimony of these two witnesses, or even one of them. It may or may not have done so. At least, under the circumstances, he was entitled to a continuance to procure their testimony, and the court erred in overruling his motion for a continuance, or rather. in overruling his motion for a new trial because thereof; for which error the judgment must be reversed.

Reversed and remanded.

*Reversed and remanded.*